Opinion issued March 3, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00062-CR

———————————

Brandy John Sledge, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 262nd District Court 

Harris County, Texas



Trial Court Case No. 1057050

 



 

MEMORANDUM OPINION

Appellant,
Brandy John Sledge,
pleaded guilty to the felony offense of Indecency with a Child, and pursuant to
the plea bargain agreement, the trial court placed appellant on deferred
adjudication community supervision for five years and assessed a $300 fine.  Subsequently, the State moved to revoke and
adjudicate appellant’s guilt on the basis that appellant had violated the
conditions of his community supervision. 
Appellant pleaded “true” to the allegations that he committed a new
offense of Driving While License Suspended and that he failed to pay
supervision fees, court ordered fines, laboratory processing fees, and the Sex
Assault Program fund as directed by the court. 
Appellant pleaded “not true” to the allegation that he failed to attend
required sex offender treatment sessions. 
After a hearing, the trial court found the allegations true, found the
appellant guilty, and assessed punishment of confinement for 4 years and a $300
fine.  The trial court certified
appellant’s right to appeal, and appellant filed a pro se notice of appeal.

Appellant’s
counsel on appeal has filed a motion to withdraw, along with an Anders brief stating that the record
presents no reversible error and therefore the appeal is without merit and is
frivolous.  See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).  We grant counsel’s motion to withdraw and
affirm the trial court’s judgment.

An
attorney has an ethical obligation to refuse to prosecute a frivolous
appeal.  In re Schulman, 252
S.W.3d 403, 407 (Tex. Crim. App. 2008). If an appointed attorney finds a case
to be wholly frivolous, his obligation to his client is to seek leave to
withdraw.  Id. at 407.  Counsel’s
obligation to the appellate court is to assure it, through an Anders brief, that, after a complete
review of the record, the request to withdraw is well-founded. Id.

We
may not grant the motion to withdraw until:

(1)     the attorney
has sent a copy of his Anders brief
to his client, along with a letter explaining that the defendant has the right
to file a pro se brief within 30 days, and he has ensured that his client has,
at some point, been informed of his right to file a pro se petition for
discretionary review; 

 

(2)     the attorney
has informed us that he has performed the above duties; 

 

(3)     the defendant
has had time in which to file a pro se response; and

 

(4)     we have
reviewed the record, the Anders
brief, and any pro se brief.

 

See id. at 408–09.  If we agree that the appeal
is wholly frivolous, we will grant the attorney’s motion to withdraw and affirm
the trial court’s judgment. See Garner v.
State, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009).  If we conclude that
arguable grounds for appeal exist, we will grant the motion to withdraw, abate
the case, and remand it to the trial court to appoint new counsel to file a
brief on the merits.  See Bledsoe v. State, 178 S.W.3d 824,
826–27 (Tex. Crim. App. 2005).  

          Counsel’s brief meets the Anders requirements by presenting a
professional evaluation of the record. See
Anders, 386 U.S. at 744, 87 S. Ct. at 1400; see also High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978).
Counsel discusses the evidence, supplies us with references to the record, and
provides us with citation to legal authorities. 
Counsel indicates that he has thoroughly reviewed the record and that he
is unable to advance any grounds of error that warrant reversal.  See
Anders, 386 U.S. at 744, 87 S. Ct. at 1400; Mitchell v. State, 193 S.W.3d 153, 154 (Tex. App.—Houston [1st
Dist.] 2006, no pet.).  

          Here, counsel’s brief reflects that he
delivered a copy of the brief to appellant and informed him of his right to
examine the appellate record and to file a response.  See
Schulman, 252 S.W.3d at 408.  More
than 30 days have passed, and appellant has not filed a pro se response.  See id.
at 409 n.23 (adopting 30-day period for response).  

We
have independently reviewed the entire record, and we conclude that no
reversible error exists, that there are no arguable grounds for review, and
that therefore the appeal is frivolous.  See Schulman, 252 S.W.3d at 407 n.12
(explaining that appeal is frivolous when it does not present any argument that
could “conceivably persuade the court”); Bledsoe,
178 S.W.3d at 826–27 (emphasizing that reviewing court—and not
counsel—determines, after full examination of proceedings, whether the appeal
is wholly frivolous).  Although we may
issue an opinion explaining why the appeal lacks arguable merit, we are not
required to do so. See Garner, 300
S.W.3d at 767.  An appellant may
challenge a holding that there are no arguable grounds for appeal by filing a
petition for discretionary review in the Court of Criminal Appeals. See Bledsoe, 178 S.W.3d 827 & n.6.

We
grant counsel’s motion to withdraw[1]
and affirm the trial court’s judgment. Attorney Kyle B. Johnson must
immediately send the notice required by Texas Rule of Appellate Procedure
6.5(c) and file a copy of that notice with the Clerk of this Court.  See
Tex. R. App. P. 6.5(c).  We dismiss any pending motions as moot.

PER CURIAM

Panel consists of Chief Justice Radack and Justices
Alcala and Bland.

Do not publish. 
 Tex. R. App. P. 47.2(b).











[1]           Appointed counsel still has a duty to
inform appellant of the result of this appeal and that he may, on his own,
pursue discretionary review in the Texas Court of Criminal Appeals. See Bledsoe v. State, 178 S.W.3d 824,
826-27 (Tex. Crim. App. 2005).